UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YVONNE ROSILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, YVONNE ROSILLO, by and through his attorneys, PHILLIPS LAW OFFICES, and complains of the Defendant, UNITED STATES OF AMERICA, alleging upon information and belief as follows:

### The Parties

1. Plaintiff is YVONNE ROSILLO, who is an individual residing in the State of Illinois.

2. Defendant is the UNITED STATES OF AMERICA, by virtue of its principal agent-relationship with the following individual and entity:

   a. MARYAM SIDDIQUI, M.D., who is an individual residing in the State of Illinois, who was employed in October 2009 by ACCESS COMMUNITY HEALTH NETWORK, which was a federally-funded community health center located in the County of Cook, State of Illinois;

   b. ACCESS COMMUNITY HEALTH NETWORK, which was a federally-funded community health center located in the County of Cook, State of Illinois and which employed MARYAM SIDDIQUI, M.D. as a physician in October 2009.

1

3. Plaintiff, YVONNE ROSILLO, files this action against the Defendant, UNITED STATES OF AMERICA, for the general negligence of MARYAM SIDDIQUI, M.D., its agent and/or employee at the ACCESS COMMUNITY HEALTH NETWORK on or about October 10, 2009, which proximately caused injury to Plaintiff, YVONNE ROSILLO.

4. On or about September 28, 2011, Plaintiff, YVONNE ROSILLO, presented a negligence claim to the United States Department of Health and Human Services, Office of General Counsel, pursuant to the provisions of the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346(b), 2671-80, alleging liability of the United States Government. (See attached Exhibit A.)

5. As of the date of filing, the UNITED STATES OF AMERICA has not made a final disposition of the claim and the Plaintiff, YVONNE ROSILLO, is deeming this a final denial of the claim in accordance with 28 U.S.C.A. § 2675(a).

### Jurisdiction and Venue

6. This Court has jurisdiction of the action pursuant to 28 U.S.C.A. §§ 1331, 1346(b), and 2671, *et. seq.*

7. Plaintiff, YVONNE ROSILLO, and Defendant, the UNITED STATES OF AMERICA's, agent, ACCESS COMMUNITY HEALTH NETWORK, are residents of the City of Chicago, County of Cook, State of Illinois, making venue in the Northern District of Illinois, Eastern Division proper for this action for damages against Defendant UNITED STATES OF AMERICA pursuant to 28 U.S.C.A. § 1402(b).

8. Venue in this District is based on 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## Allegations

9. On October 3, 2009, Plaintiff, YVONNE ROSILLO, was admitted to MOUNT SINAI HOSPITAL MEDICAL CENTER OF CHICAGO d/b/a MOUNT SINAI HOSPITAL (hereinafter "MOUNT SINAI HOSPITAL"), for labor and delivery of a child.

10. Plaintiff, YVONNE ROSILLO, was discharged from MOUNT SINAI HOSPITAL on October 5, 2009, following the spontaneous vaginal delivery of her child.

11. On October 10, 2009, Plaintiff, YVONNE ROSILLO, was admitted to the emergency room at MOUNT SINAI HOSPITAL with complaints of fever, bilateral lower extremity pain, swelling and cramping, and was later transferred to the intensive care unit.

12. While a patient in the emergency room at MOUNT SINAI HOSPITAL, Plaintiff, YVONNE ROSILLO, came under the supervision and care of MARYAM SIDDIQUI, M.D., M.D, thereby establishing a physician-patient relationship.

13. At all times relevant to this Complaint, MARYAM SIDDIQUI, M.D., was an employee or agent of ACCESS COMMUNITY HEALTH NETWORK.

14. At all times relevant to this Complaint, MARYAM SIDDIQUI, M.D., was an employee or agent of Defendant, THE UNITED STATES OF AMERICA.

15. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room and/or intensive care unit at MOUNT SINAI HOSPITAL, she was diagnosed by the physicians responsible for her care, including MARYAM SIDDIQUI, M.D., as suffering from thrombotic thrombocytopenic purpura or HELLP syndrome.

16. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room at MOUNT SINAI HOSPITAL, she demonstrated skin abnormalities including erythematous plaques in the lower extremity and abdomen.

3

17. While Plaintiff, YVONNE ROSILLO, was a patient in the emergency room at MOUNT SINAI HOSPITAL, she developed blisters in her hand, foot and knees.

18. On October 10, 2009, multiple consultants of various medical specialties recommended to MARYAM SIDDIQUI, M.D. that she obtain an infectious disease consult with respect to Plaintiff, YVONNE ROSILLO.

19. At no time while Plaintiff, YVONNE ROSILLO, was a patient at MOUNT SINAI HOSPITAL did MARYAM SIDDIQUI, M.D. order or obtain an infectious disease consult with respect to Plaintiff, YVONNE ROSILLO.

20. At no time while Plaintiff, YVONNE ROSILLO, was a patient at MOUNT SINAI HOSPITAL, did MARYAM SIDDIQUI, M.D. diagnose her as suffering a pelvic infection, Group A strep bacteremia and/or necrotizing fasciitis.

21. On October 11, 2009, Plaintiff, YVONNE ROSILLO, was transferred from MOUNT SINAI HOSPITAL, to RUSH UNIVERSITY MEDICAL CENTER, where she was diagnosed with Group A strep bacteremia with necrotizing fasciitis of bilateral upper and lower extremities and treated with extensive surgical debridement of bilateral upper and lower extremities and total abdominal hysterectomy.

22. At all times pertinent to this Complaint, MARYAM SIDDIQUI, M.D., individually and as employee, agent and/or apparent agent of ACCESS COMMUNITY HEALTH NETWORK and/or Defendant, THE UNITED STATES OF AMERICA, was under certain duties imposed by law.

23. At all times pertinent to this Complaint, MARYAM SIDDIQUI, M.D., as employee, agent and/or apparent agent of ACCESS COMMUNITY HEALTH NETWORK and/or, Defendant, THE UNITED STATES OF AMERICA, was negligent in her care and

4

treatment of Plaintiff, YVONNE ROSILLO, in one or more of the following respects:

      a.     Failed to properly examine Plaintiff;

      b.     Failed to properly perform a physical exam of Plaintiff;

      c.     Failed to properly and timely diagnose Plaintiff's condition;

      d.     Failed to properly and timely diagnose Plaintiff's infection;

      e.     Failed to consider post-partum infection as the source of Plaintiff's symptoms;

      f.     Failed to control the source of Plaintiff's infectious process;

      g.     Failed to identify the source of Plaintiff's infectious process;

      h.     Failed to properly monitor Plaintiff;

      i.     Failed to obtain a proper history with respect to Plaintiff's symptoms;

      j.     Failed to properly and timely treat Plaintiff;

      k.     Failed to timely administer antibiotics to Plaintiff;

      l.     Failed to conduct appropriate testing for Plaintiff;

      m.    Failed to order and obtain proper tests for Plaintiff;

      n.     Failed to timely order and obtain an ultrasound of Plaintiff's pelvis;

      o.     Failed to order infectious disease consult for Plaintiff;

      p.     Failed to obtain infectious disease consult for Plaintiff;

      q.     Failed to order surgical consult for Plaintiff;

      r.     Failed to obtain surgical consult for Plaintiff.

24. That as a direct and proximate cause of one or more of the foregoing acts of negligence of MARYAM SIDDIQUI, M.D., as employee, agent and/or apparent agent of ACCESS COMMUNITY HEALTH NETWORK and/or Defendant, THE UNITED STATES OF AMERICA, Plaintiff, YVONNE ROSILLO, sustained injury which caused her disability, disfigurement, pain, suffering and caused her to incur medical expenses and aggravated her underlying condition, all to her damage.

25. Pursuant to 735 ILCS 5/2-622, the affidavit of Plaintiff's attorney and the written report of Plaintiff's consulting physician are attached hereto as Exhibits B and C, respectively.

## Prayer for Relief

WHEREFORE, the Plaintiff, YVONNE ROSILLO, prays for judgment against Defendant, UNITED STATES OF AMERICA, in the amount of $20,000,000.00, plus costs.

By: /s/ Terrence M. Quinn
Attorney for Plaintiff
Terrence M. Quinn (ARDC #6275734)
PHILLIPS LAW OFFICES
161 N. Clark Street, Suite 4925
Chicago, IL 60601
(312) 346-4262